UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL L. FARKAS,

    Plaintiff,

v.                                              CASE NO. 8:17-cv-2150-T-23AAS

DANICA T. DEAN, et al.,

    Defendants.
_____/

**ORDER**

    The plaintiff, Michael L. Farkas, moves (Doc. 6) to remand this action and moves for an attorney's fee. Under 28 U.S.C. § 1441(a), a defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The removal statute applies only to an action, not to an individual claim within an action. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1251 (11th Cir. 1988) ("When a removal petition is filed and proper notice is given, the entire case is transferred to the federal district court."). Because Progressive American Insurance Company removed (Doc. 1) only one out of three claims (and not the action), removal under 28 U.S.C. § 1441(a) is improper.

    But if Progressive had removed the action, Progressive would fail to invoke the district court's diversity jurisdiction. The notice (Doc. 1) of removal alleges diversity

jurisdiction under 28 U.S.C. § 1332, but the amended complaint alleges that Danica T. Dean "is an individual residing in . . . Florida" (Doc. 2 at 1), and the Civil Cover Sheet declares (Doc. 1-1 at 1) that the plaintiff is a citizen of Florida.[1] In general, an allegation of complete diversity of citizenship is necessary to invoke the diversity jurisdiction of a district court. *Fritz v. American Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985). Complete diversity means that no defendant is a citizen of the same state as any plaintiff. If any plaintiff and any defendant share citizenship of the same state, the complaint fails to invoke the district court's diversity jurisdiction. *Lykins v. Pointer, Inc.*, 725 F.2d 645, 648 (11th Cir. 1984); *Duff v. Beaty*, 804 F. Supp. 322, 334 (N.D. Ga. 1992) (Zloch, J.). *Newman-Green, Inc., v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).[2]

Accordingly, under 28 U.S.C. § 1447(c), the plaintiff's motion (Doc. 6) is **GRANTED-IN-PART**, and this action is **REMANDED**. The plaintiff's motion for an attorney's fee is **DENIED**. The clerk is directed (1) to mail, as required by 28

---

[1] Neither the notice nor the complaint alleges Danica T. Dean's citizenship. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

[2] The defendant argues that because Dean is not a party to Count III, "there exists complete diversity of citizenship with regards to Count III . . . ." (Doc. 9 at 2) Again, complete diversity requires that no plaintiff and no defendant in the action, including all claims and all parties in the action, share a common state of citizenship.

U.S.C. § 1447(c), a certified copy of this order to the clerk of the Circuit Court for Sarasota County, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 1, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE